No. A-CV-42-81

COURT OF APPEALS OF THE NAVAJO NATION

January 21, 1983

In the Matter of the Adoption of Four Children

Before Chief Justice Nelson J. McCabe, and Associate Justices Marie F. Neswood and Robert B. Walters. Opinion by the court.

Lawrence Long, Esq., for Appellant, (Alice Kellywood), Window Rock, Navajo Nation (Arizona). Joey Greenstone, Esq., for Appellee (Mary Archie) Chinle, Navajo Nation (Arizona).

## INTRODUCTION

This opinion is based upon a sad set of facts - the adoption of four children without proper notice being given to their mother.

The natural father of these four children died in 1973, and after that the childrens' paternal aunt gained physical custody of them. In 1979 the paternal aunt filed a petition to adopt the children in the Chinle District Court. An adoption decree was entered on January 17, 1980 and at the time the four children, Thomas, Jonathan, Elizabeth and Jeffery were 15, 12, 10 and 7 years of age, respectively.

After the adoption petition was filed, home studies were done with recommendations that the adoption be permitted due to the instability of the natural mother. One report, dated January 3, 1980, indicates that the natural mother's sister told the mother of the adoption hearing which was to be held. Another report by a social worker, dated January 20, 1981, indicates that the natural mother said she was aware of adoption proceedings but felt powerless to change her lifestyle.

Following the entry of the adoption decree there were numerous attempts by the natural mother to overturn the decree for a failure to give her proper notice, but all her motions and petitions were denied by the various judges sitting on the case.

## THE LEGAL ISSUE WHICH RESOLVES THIS CASE

The legal question which disposes of this case is very simple: Is the adoption decree void and ineffective because of a failure to give adequate legal notice to the natural mother?

## THE DUE PROCESS QUESTION

There is utterly no question that the adoption decree in this case was absolutely void under the due process clauses of the Navajo Bill of Rights and the Indian Civil Rights Act. In a fact situation very similar to the one before us, the United States Supreme Court noted that "It is clear that failure to give the petitioner notice of the pending

-9-

adoption proceedings violated the most rudimentary demands of due process of law." Armstrong v. Manzo, 380 U.S. 545, 550 (1965). Notice to natural parents in adoption cases is absolutely required in order for a court to have jurisdiction to issue a decree, and if jurisdiction is not obtained through proper notice, then any judgment, decree or order is void for all purposes and ineffective from the beginning. Matter of Adoption of Hall, 566 P.2d 401, 402 (Mont. 1977). This court has followed this rule, voiding an adoption decree for a lack of notice and voiding a child custody decree for a lack of notice, even with the presence of the mother at hearings. Matter of Adoption of Tsosie, 1 Navajo R. 112, 113 (Ct. App. 1977); Lente v. Notah, 3 Navajo R.____ (Ct. App., May 25, 1982).

The Navajo Tribal Code recognizes these principles of jurisdiction and requires that:

> "No judgment shall be given on any suit unless the defendant has actually received notice of such suit and ample opportunity to appear in court in his defense. Evidence of the receipt of notice shall be kept as part of the record in the case." 7 NTC Sec. 604.

It may be argued that in this case the natural mother did in fact receive notice of the suit because she was told of it by a relative and acknowledged knowledge of it to relatives. It can be further argued that the social work report in the file telling of such notice to the natural mother satisfies the statute as evidence of the receipt of notice. This kind of notice does not satisfy the statute and it does not satisfy the requirements of due process because it is not reliable notice. Where a person has a right under the Navajo Bill of Rights or the Indian Civil Rights Act, that right cannot be lightly passed over. A right has no meaning unless the means of protecting it is effective, and we hold that service of notice of the pendency of a lawsuit upon an individual is ineffective unless the notice is served by a peace officer of the Navajo Nation (i.e. a commissioned Navajo police officer or other law enforcement officer) or a person designated by the court. The only evidence of such proper service of notice is a written statement by the serving officer that the individual was served on a certain date in a certain method. Of course this method of notice can be waived by an acknowledgment of service by the person who is to be given notice or the entry of a written appearance by the person or his or her counsel. In any event, there must be evidence in writing of proper notice to persons in a law suit. (We do not ignore the fact there may be certain kinds of cases in which notice by means of publication is proper).

As instruction to the Trial Judges, this court directs that no judge enter a final judgment, decree or other order unless the file of the case is checked by the judge for evidence of proper notice and service of process.

## THE STATUS OF THE CHILDREN FOLLOWING THIS ORDER

As the time of the adoption decree the children ranged form ages 7 to 15. Now, almost three years later, they are, respectively, 10, 13, 15 and 17. The file of the case shows that the children were in the

physical custody of their paternal aunt for a number of years prior to the adoption, and given the passage of time it would not be in the childrens' interests to simply void the adoption decree and return them to the custody of their mother. In a similar situation one court has voided the adoption decree and left custody of the child with the otherwise adoptive parents. In the Matter of the Adoption of Hall, 566 P.2d 401 (Mont. 1977). This court has done the same in a case involving a void child custody decree in a divorce matter. Lente v. Notah, 3 Navajo R.____ (Ct. App., May 25, 1982). Therefore, given the age of the children and the passage of time, the court will order custody of the children in the paternal aunt pending further proceedings on an adoption or final custody. Also, given the age of the children, the court will permit reasonable visitation of the children by their natural mother. Further custody proceedings and visitation questions may be directed by the District Court.

The adoption decree of January 17, 1980 is hereby VACATED and this cause is REVERSED and REMANDED to the District Court for proceedings consistent with this opinion.